IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

JUDI HIMES,

    Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, JUDI HIMES, sues the Defendant, OCWEN LOAN SERVICING, LLC, and in support thereof respectfully alleges the following:

## JURISDICTION AND VENUE

1. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant OCWEN LOAN SERVICING, LLC, (hereinafter "OCWEN") for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and supplemental jurisdiction arises under 28 U.S.C. § 1367 for the related state law claims.

3. Defendant OCWEN resides in West Palm Beach, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1).

## PARTIES

4. Plaintiff, JUDI HIMES is and was at all material times a natural person over the age of eighteen (18), who resides in Oglethorpe County, Georgia.

5. Plaintiff JUDI HIMES was the regular user, carrier and subscriber of the cellular telephone number at issue, (###) ###-7044, and is the "called party" with respect to the calls placed by the Defendant that give rise to this action, as further described herein. See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014); See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012).

6. Defendant OCWEN is and was at all material times a Florida Limited Liability Company authorized to conduct business and conducting business in the State of Florida with its principal place of business at 1661 Worthington Road, Ste 100, West Palm Beach, FL 33409.

## FACTUAL ALLEGATIONS

7. At all times material hereto, Defendant OCWEN sought to collect an alleged mortgage loan debt from Plaintiff JUDI HIMES that arose from a transaction allegedly incurred for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5). Defendant OCWEN is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

8. At all times material hereto, Defendant OCWEN was the servicer of a mortgage loan debt owed by Plaintiff.

9. In or about 2013, Defendant, OCWEN began initiating a campaign of autodialed calls ("robocalls") to Plaintiff's aforementioned cellular telephone number, (###) ###-7044, in an effort to collect the above described alleged mortgage loan debt.

10. Upon answering several of the calls from OCWEN, Plaintiff instructed Defendant, both verbally and in writing, to stop calling her. Despite Plaintiff's unambiguous instructions to Defendant OCWEN to cease placing calls to her aforementioned cellular telephone number,

OCWEN continued placing autodialed calls to Plaintiff's cellular telephone number in an effort to collect the above described alleged debt.

11.     Defendant OCWEN intentionally harassed and abused the Plaintiff on numerous occasions by and through its agents and representatives, including, but not limited to, initiating several robocalls to Plaintiff's cellular telephone during the course of a single day with such frequency as can reasonably be expected to harass the Plaintiff.

12.     Despite Plaintiff's instructions to OCWEN to stop placing calls to her aforementioned cellular telephone number, Defendant OCWEN, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA as described herein.

13.     The telephone calls at issue were placed by Defendant OCWEN using an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers (hereafter "ATDS" or "autodialer"). Specifically, Defendant initiated each of the calls at issue to Plaintiff's cellular telephone number using the "Aspect" dialing system, which at all material times operated as a "predictive dialer," and which possesses the inherent capacity to operate in the aforementioned manner as defined by the TCPA.

14.     That Defendant OCWEN used an "automatic telephone dialing system" to place the calls at issue is evidenced by the fact that on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence and/or an audible click/beep prior to a live representative joining the line. These are telltale signs of a predictive dialer and an automated telephone dialing system.

15. To date, Defendant OCWEN has placed hundreds calls to Plaintiff on her aforementioned cellular telephone number within the four (4) year period preceding the filing of this Complaint.

16. Defendant OCWEN initiated each of the calls at issue to Plaintiff's cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. Furthermore, Defendant OCWEN initiated each of the calls at issue to Plaintiff's cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to Defendant, or that Defendant mistakenly believed it had.

18. None of the calls at issue were placed by Defendant OCWEN to Plaintiff's cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

19. Defendant OCWEN consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

20. Defendant OCWEN has a corporate policy of using an automatic telephone dialing system and/or a pre-recorded or artificial voice message, just as it did when initiating the calls at issue to the Plaintiff's cellular telephone number, as described herein.

21. Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

22. Despite having actual knowledge of its wrongdoing, Defendant OCWEN continued the campaign of harassment and abuse.

23. Defendant OCWEN'S corporate policy is structured to continue to call individuals like the Plaintiff, despite its lack of consent to place the calls, and despite the called parties' requests that OCWEN stop calling.

24. Defendant OCWEN'S corporate policy provided no means for the Plaintiff to have her number removed from the call list.

25. Defendant OCWEN followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

26. Defendant OCWEN has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27. Defendant OCWEN has or should be in possession and/or control of call logs, account notes, auto dialer reports and other records that detail the exact number of calls made to the Plaintiff during the relevant time period.

28. As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

29. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## <u>VIOLATION OF THE TCPA AGAINST OCWEN</u>

30.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (29), as if fully set forth herein, and further alleges as follows:

31.     None of the calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

32.     Alternatively, Plaintiff revoked any "prior express consent" Defendant OCWEN had or mistakenly believed it had by both verbal and written instruction to Defendant to stop placing calls to her aforementioned cellular telephone number.

33.     Additionally, none of the calls at issue were placed by Defendant OCWEN to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

34.     Defendant OCWEN willfully and/or knowingly violated the TCPA with respect to Plaintiff JUDI HIMES by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, and after Plaintiff instructed Defendant to cease calling, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

35.     The TCPA provides Plaintiff with a private right of action against Defendant OCWEN for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff JUDI HIMES respectfully demands judgment against Defendant OCWEN for statutory damages, actual damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
Karin@MitchellConsumerLaw.com

and

Joseph M. Adams, Esquire
(*pro hac vice* pending)
Law Office of Joseph M. Adams
200 Highpoint Drive, Suite 211A
Chalfont, PA 18914
Telephone: (215) 996-9977
Fax: (215) 996-9111
josephadamsesq@verizon.net

Counsel for Plaintiff